[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a civil action wherein the plaintiff, Anthony Torres, is seeking money damages from the defendant, Alejandro Muniz. The plaintiff is in the custody of the Department of Corrections (DOC) as the result of being sentenced to a term of thirty years based on multiple convictions for sexual assault first degree and risk of injury to a minor. The defendant has been employed by the DOC for twenty eight years and now is serving as a Captain of Corrections
The complaint alleges that, on May 22, 2000, the defendant issued a false DOC disciplinary report against the plaintiff. It is claimed that this disciplinary report was issued by the defendant maliciously and with the intent to intimidate, coerce and chill the plaintiff from submitting good faith complaints against DOC staff members. It is further claimed that the issuance of the disciplinary report was in retaliation for the plaintiffs exercise of his right to submit a good faith complaint against a corrections officer. Damages are sought for alleged violations of the plaintiffs state constitutional rights and for intentional infliction of emotional distress.
The defendant admits that he received a complaint from the plaintiff about a staff person, that he investigated the allegations, that he determined that the plaintiff had given false information, and that on May 22, 2000 he issued a disciplinary report to the plaintiff for giving false information. He denies any wrongdoing. In addition to denying the merits of the complaint the defendant claims, by way of special defenses, that the plaintiff cannot seek money damages for violations of the state constitution, that he has statutory and sovereign immunity from money damages, that the plaintiff has failed to prove an intentional infliction of emotional distress, and that he is entitled to qualified immunity.
The court heard evidence on this case on May 22, 2002 from the plaintiff, Corrections Officer Reginald Cummings, the defendant, and CT Page 13903 Corrections Officer Leonard Donofrio.
The following facts are found: On May 12, 2000 the plaintiff, an incarcerated prisoner, was returning from the law library area of the Cheshire Correctional Institution to his cell block. He was carrying a folder containing various written materials in connection with a pending civil action which he had brought against the Commissioner of Corrections. He was stopped by Corrections Officer Reginald Cummings who was on duty. It was Cummings responsibility to check inmates back into their cell block and examine any material they were carrying for any contraband. Cummings examined the papers being carried by the plaintiff and then checked him into his cell block. Later that same day, the plaintiff sent an "Inmate Request Form" to the defendant, who was Unit Manager and Corrections Officer Cummings' supervisor. The "inmate request form" contained a three page complaint concerning the stop and search of the plaintiff by Corrections Officer Cummings earlier that day. The form included allegations that Corrections Officer Cummings had carefully read the legal confidential materials, had made rude and derogatory remarks to the plaintiff, had questioned the plaintiff in a hostile manner about his legal matters, and had confiscated fifteen blank pieces of paper. The form also alleged that, while the legal materials were being read, Corrections Officer Cummings was intoxicated with alcohol, his speech was slurred and he was having difficulty in walking. The form requested that the defendant take appropriate disciplinary action against Corrections Officer Cummings. The form also stated that Corrections Officer Scully and inmate Frank Gelada were present throughout the reading of the legal documents. The defendant did not receive the form until Monday, May 15, 2000 and then began to investigate the alleged misconduct of Corrections Officer Cummings. The defendant was particularly concerned with the allegation that Corrections Officer Cummings was intoxicated while on the job since that type of misconduct could result in termination of employment. The defendant had been in Corrections Officer Cummings' presence on May 12, 2000 and also had talked to him by phone and did not smell any alcohol or observe any difficulty in walking or speaking. In addition the defendant spoke to Corrections Officer Scully who did not support any of the plaintiff's allegations. The defendant had not received any complaints from other inmates about intoxication by Corrections Officer Cummings. Based on his personal observations and his investigation, the defendant concluded that the plaintiffs allegations about Corrections Officer Cummings' conduct on May 12, 2000 were false. On May 22, 2000 the defendant filed a Disciplinary Report charging the plaintiff with giving false information. The charge was based on a finding by the defendant that the allegations with respect to Corrections Officer Cummings being under the influence of alcohol were false. The following day, May 23, 2000, the complaint in this case, seeking millions of CT Page 13904 dollars in damages, was prepared and subsequently filed. A disciplinary hearing was held on June 7, 2000 before a Disciplinary Hearing Officer and the plaintiff was found guilty of giving false information to a corrections officer. The sanctions imposed were thirty days confined to quarters. The plaintiff then appealed the finding of guilty and the sanctions imposed. On June 13, 2000 the appeal was denied by Warden Remi Acosta.
As indicated above, the complaint in this case is based on claims that the actions of the defendant in filing the disciplinary report violated the plaintiff's rights under the state constitution and also constituted the common law tort of intentional infliction of emotional distress.
The parties are in dispute as to whether Connecticut allows a suit for damages based on violations of the state constitution. The plaintiff relies on Binette v. Sabo, 244 Conn. 23, 48, 710 A.2d 688, 700 (1998) in support of his claim. The defendant cites the later case of Martin v.Brady, 261 Conn. 372, 802 A.2d 814 (2002) as authority to the contrary. In order to prevail on a claim of intentional infliction of emotional distress the plaintiff must prove (1) that the defendant intended to inflict emotional distress or that he knew of should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe. DeLareventis v. New Haven,220 Conn. 225, 266-267, (1991).
The defendant conducted an appropriate investigation into the plaintiffs claims of misconduct by Officer Cummings. The defendant had a valid basis for concluding that the plaintiff had filed a false report. The issuance of the disciplinary report to the plaintiff by the defendant was a proper exercise of his authority. The issuance of the disciplinary report was not in retaliation against the plaintiff for filing charges against Officer Cummings, nor was it issued with the intention of intimidating or coercing the plaintiff from filing good faith complaints against corrections officers.
It is not necessary for this court to reach the issue of whether one can maintain a tort action for alleged violation of state constitutional rights. The court finds that the defendant did not violate any of the plaintiffs state constitutional rights. The court also finds that the plaintiff has failed to prove any of the elements necessary in order to prevail on a claim of intentional infliction of emotional distress.
Accordingly, for the reasons stated above, the court finds that the CT Page 13905 plaintiff has failed to prove either of the causes of action alleged. Judgment may enter in favor of the defendant.
 ___________________ William L. Hadden, Jr. Judge Trial Referee
CT Page 13906